UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § NO. EP-25-MJ-06611-RFC |
| | § |
| LUIS ARIEL AGUILERA ROCHA, | § |
| | § |
| Defendant. | § |

**GOVERNMENT'S MOTION TO STAY ORDER SETTING BOND, MOTION FOR *DE NOVO* DETENTION HEARING AND MOTION FOR REVIEW OF MAGISTRATE JUDGE'S BOND DECISION**

The United States respectfully moves the Court through three motions: (1) Government's Motion Seeking Immediate Stay of Order Setting Bond detaining defendant without bond until the *de novo* detention hearing is held; (2) Government's Motion for *De Novo* Detention Hearing; and (3) Government's Motion for Review of Magistrate Judge's Bond Decision denying the Government's motion to detain Defendant without bond pending trial. The Government provides the information below in support of these motions.

I.  INTRODUCTION AND PROCEDURAL BACKGROUND

On November 26, 2025, a Customs and Border Protection officer conducting outbound inspection operations at the Ysleta Port of Entry, El Paso, in the Western District of Texas, inspected a blue 2009 Nissan Altima. The driver was identified as Luis Ariel Aguilera Rocha ("Defendant"). While speaking with the Defendant, the officer noticed Defendant avoided eye contact. The officer asked Defendant if he had anything to declare, and Defendant responded "no." Defendant stated that he was going to visit his girlfriend and attend a Thanksgiving party. The CBP

1

officer asked Defendant if he was transporting any firearms, magazines, ammunition, or currency exceeding $10,000. Defendant stated "no." The officer noticed a backpack in the back seat of the vehicle and asked Defendant if he was the owner of the backpack. Defendant stated he owned the backpack.

The officer inspected the backpack and found a loaded firearm magazine inside the rear pocket of the backpack. Upon further inspection of the vehicle, firearm parts located throughout the vehicle, which collectively completed a firearm identified as an Aero Precision EPC9 9.3mm pistol (serial number: SF-017801).

The driver was told he was under arrest. During a pat-down of Defendant's person, officers discovered a loaded Glock 43X (serial number: CEWA662) in his waistband.

Homeland Security Investigations special agents arrived to investigate. Defendant was advised of his Miranda rights, which he subsequently waived. Defendant stated that he observed officers conducting outbound inspections of vehicles leaving the United States but decided to attempt to cross the border.

Defendant admitted he was transporting the weapons into Mexico to sell to a buyer in Ciudad Juarez for $3,000 (dollars). This was his first time attempting to sell firearms in Mexico but admitted to purchasing and selling firearms for profit in the United States. Defendant admitted he was motivated to unlawfully traffic weapons for financial reasons. Defendant acknowledged he knew it was illegal to traffic weapons into Mexico.

On December 4, 2025, the Defendant appeared before United States Magistrate Judge Robert F. Castaneda, for a preliminary and detention hearing. Judge Castaneda found probable cause but denied orally the Government's Motion to Detain Without Bond. Judge Castaneda ordered orally bond to be set at $20,000 with a 10% deposit to the court. No written order on bond

has been issued at this time. [1] The Government (1) seeks an immediate stay of the order setting bond, thus detaining Defendant without bond until the *de novo* detention hearing is held; (2) moves for a *de novo* detention hearing under 18 U.S.C. § 3145; and (3) moves for review of the bond decision and seeks to detain and hold Defendant without bail pending trial under 18 U.S.C. § 3142(e) & (f).

## II.  ARGUMENT AND AUTHORITIES

### A. Authorities

The District Court's review of a release order is *de novo*. *United States v. Thibodeaux*, 663 F.2d 520 (5th Cir. 1981). "Moreover, the rule of *de novo* determination by the district court applies not only when the accused challenges the magistrate's order, but also when the government does, as it is authorized to do so by [Title 18 U.S.C.] Section 3145(a)(1)." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (citing *United States v. Delker*, 757 F.2d 1390, 1394 (3rd Cir. 1985)). The Government must only show by preponderance of the evidence there are no conditions or combinations of conditions that will reasonably assure the appearance of the defendant at future court settings. *See Fortna*, 769 F.2d at 250. A defendant may be detained without bond where there is a "lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community." *Id.* at 249. (Emphasis in the original). A court may also detain a defendant because the defendant poses a danger to the community, and under 18 U.S.C. § 3142(f)(2)(B), that finding must be supported by clear and convincing evidence. *See Fortna*, 769 F.2d at 250.

The Government has initiated the process to request an official copy of the oral recording of the detention hearing. But because these motions have been filed the same day the detention

---

[1] At the time of the filing of this motion, the Court has not yet entered a written order setting bond. However, following the preliminary and detention hearing, the Court orally set a bond and denied the Government's Motion to Detain.

3

hearing took place; the Government does not have a copy of the oral recording of the hearing at the time of this filing. When the Government receives the oral recording, it will submit the recording to this Court.

Because the Government believes the Defendant will flee the jurisdiction of this Court and will continue to be a danger to the community, the Government respectfully requests an immediate stay of Judge Castaneda's' Order Setting Bond.

### B. Evaluation of 3142(g) factors

The Government believes Defendant poses a flight risk and a danger to the community which necessitates a stay of the order setting bond and *de novo* detention hearing.

Defendant is a Legal Permanent Resident (LPR) and has been, according to the Pretrial Services Report, since 2016. Pretrial Services Report, p. 2. The Defendant has resided in the United States for the last ten years and resided with his mother for the last five to six years in Horizon City. *Id*.

Defendant is a flight risk. Defendant travels to Mexico four times a week. *Id*. Defendant's girlfriend resides in Mexico. *Id*. As a result of Defendant's immigration status and crime charged an immigration detainer was filed. *Id*.

Defendant by virtue of the crime charged represents a danger to the community. Defendant was trafficking firearms to an individual in Mexico and as result was arrested for Smuggling Goods from the United States, in violation of 18 U.S.C. § 554. Defendant will likely face additional charges to include Firearms Trafficking, contrary to 18 U.S.C. § 933. Further, Defendant admitted to selling firearms in the United States without a license. Criminal Complaint, pp. 1-2. Defendant also acknowledged his unlawful use of cannabinoids. Pretrial Services Report, p. 4.

The United States Pretrial Services officer recommended Defendant be released on a $20,000 bond with 10% payable to the court. Pretrial Services Report, p. 5. Defendant, amongst other conditions, is required to live with his mother, without her being a third-party custodian. The government asserts based on the strength the likelihood of a conviction is strong, which would result in Defendant being placed in deportation proceedings. Should Defendant be deported he would likely return to his girlfriend in Mexico, where he visits four times a week now. As such, the risk of flight is high. Further, trafficking firearms represents a danger to this community. For these reasons, the government maintains the denial of bond is appropriate.

## III.   CONCLUSION

The Government believes detention is warranted and respectfully moves for review of Judge Castaneda's bond decision.

WHEREFORE, premises considered, the Government respectfully prays the Court grant the Government's Motions in all respects, to stay the Order Setting Bond and detaining Defendant pending a *de novo* detention hearing, to hold a *de novo* detention hearing, and to thereafter detain Defendant without bail.

    Respectfully submitted,

    JUSTIN R. SIMMONS
    UNITED STATES ATTORNEY

By: _/s/John S. Johnston_
    JOHN S. JOHNSTON
    Assistant U.S. Attorney
    N.M. Bar #23391
    700 E. San Antonio, Suite 200
    El Paso, Texas 79901
    (915) 534-6884

**Certificate of Service**

   I certify that on December 4, 2025, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒  The CM/ECF system will send notification to the following CM/ECF participant(s):

Matthew Kozik, attorney for Defendant

                                                          By:  */s/John S. Johnston*
                                                                    JOHN S. JOHNSTON
                                                                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| Plaintiff, § § | |
| v. § | NO. EP-25-MJ-06611- RFC |
| § § | |
| LUIS ARIEL AGUILERA ROCHA, § § | |
| Defendant. § § | |

## ORDER

On this date, came on to be considered the Government's Motion to Stay of Order Setting Bond, Motion for De Novo Detention Hearing, and Motion for Review of Magistrate Judge's Bond Decision. Having considered the Motion, the Court is of the opinion that the Motions are meritorious and should be granted.

IT IS THEREFORE ORDERED that the Order Setting Bond is stayed.

IT IS FURTHER ORDERED that the Motion for a *de novo* Detention Hearing is granted and will be set on a later date pending the filing of the transcript of the Detention Hearing conducted on December 4, 2025, and that Defendant be detained pending the *de novo* Detention Hearing.

SIGNED AND ENTERED this the _____ day of December 2025.

_____
UNITED STATES DISTRICT JUDGE